**JS-6**

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$63,020.00 IN U.S. CURRENCY,<br><br>Defendant.<br><hr>KEITH WILLIAMS, PRESIDENT OF 109 SUPERSTORE MOTORS, INC.,<br><br>Claimant. | No. 2:19-cv-00321-ODW (JCx)<br><br>**ORDER GRANTING CONSENT JUDGMENT OF FORFEITURE** |

Pursuant to the stipulation and request of plaintiff United States of America and claimant Keith Williams ("Williams"), the Court hereby enters this Consent Judgment of Forfeiture containing the terms set forth below:

On or about January 15, 2019, Plaintiff United States of America ("the Government," "the United States of America" or "plaintiff") filed a Verified First Amended Complaint For Forfeiture alleging that defendant $63,020 in U.S. Currency (the "defendant currency"), is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). The Government and Williams have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety.

Williams filed a claim on February 26, 2019 and an answer to the complaint on April 8, 2019.

Other than Williams, no other person or entity has asserted a claim to the defendant currency.

No other parties have appeared in this case and the time for filing claims and answers has expired.

Williams now consents to the entry of a Consent Judgment of Forfeiture in favor of plaintiff United States.

The Court, having been duly advised of and having considered the matter, and based on the mutual consent of the United States of America and Williams,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. As between the United States of America and Williams with respect to the defendant currency, this Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

2. As between the United States of America and Williams with respect to the defendant currency, the Complaint for Forfeiture states a claim for relief pursuant to 21 U.S.C. § 881(a)(6).

3. Notice of this action has been given and published as required by law. All potential claimants to the defendant currency other than Williams are deemed to have admitted the allegations of the Complaint for Forfeiture to be true with respect to the defendant currency. The allegations set out in the Complaint are sufficient to establish a basis for forfeiture.

4. The sum of $9,453.00 only (without interest) shall be returned to Williams through his counsel. The government shall have judgment as to the remainder of the defendant currency (i.e., $53,567.00), plus any interest earned by the government on the defendant currency since seizure, and no other right, title or interest shall exist therein. The government shall dispose of the forfeited funds in accordance with law.

5. The funds to be returned to Williams shall be paid through his counsel by

electronic transfer. Williams and his attorney shall provide all information and complete all documents requested by the government to facilitate the transfer including, without limitation, providing Williams' social security or taxpayer identification number, the identity of the bank, and the bank's address, account name, account number, account type and routing number for the account to which the transfer of funds is to be made.

6. As between the United States of America and Williams with respect to the defendant currency, (i) the Court finds that there was reasonable cause for the seizure of the defendant currency and institution of these proceedings; and (ii) this judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

7. Williams did not substantially prevail in this action, and the parties hereto shall bear their own attorney fees and costs.

Dated: January 13, 2020

**OTIS D. WRIGHT**
**UNITED STATES DISTRICT JUDGE**